UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>DONOVAN SORRELL,<br><br>                              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    CRIMINAL ACTION<br>)    NO.  05-10016 RCL<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT DONOVAN SORRELL'S RESPONSE TO GOVERNMENT'S
MOTION TO CONTINUE SENTENCING**

Earlier today--three business days before the day Mr. Sorrell was to be sentenced--the government filed a motion seeking an essentially indefinite extension of the defendant's sentencing.  The terms of Mr. Sorrell's plea agreement require that he consent to a motion to continue his sentencing.  However, in light of the eleventh-hour nature of the government's motion, filed when the defendant had a clear expectation that he would be sentenced next Tuesday, May 8, 2006, defendant believes it is imperative to bring certain additional facts to the Court's attention.

1.      Sorrell has already been incarcerated pending trial for more than 17 months. Given statutory good time credit, that equates to his already having served a sentence of more than 20 months.

2.      Sorrell--whose Guideline Range, without consideration of his cooperation, is 37 to 46 months--did in fact cooperate immediately upon his arrest, and his cooperation led to the arrest of the two other defendants in the case, Carr and McDonald.  Carr pleaded guilty and has been sentenced; McDonald's case remains pending as the result of the government's

B3199110.1

interlocutory appeal of the Court's order granting his motion to suppress. The government has acknowledged that Mr. Sorrell's cooperation led to the arrest of the other two defendants and that Mr. Sorrell has done everything the government has asked him to do following his arrest. The plea agreement does not of course *require* the government to file a Motion for Substantial Assistance (though counsel for the defendant has never heard of a situation where, on similar facts, a §5K1.1 motion was *not* filed). The plea agreement does, however, require the government to *consider* in good faith whether to file such a motion, but defense counsel understands that the question whether to file such a Motion has not yet been brought to the United States Attorney's Office Substantial Assistance Committee. [1]

3.      The government seeks an extension so that Mr. Sorrell will not be sentenced before the trial of co-defendant McDonald, whose case is on appeal. However, that appeal is in its early stages, and the government recently requested an additional month to file its opening brief in the appeal. The appellate process will take substantial additional time--likely more than a year. And after that, if the government's motion is allowed, Mr. Sorrell will have to wait additional time before the trial of Mr. McDonald is scheduled and takes place.

4.      The likely result of such a delay will be to deprive Mr. Sorrell of the benefit of his cooperation, as it will result in Mr. Sorrell's sentencing likely taking place at a time when he would already have served a sentence within the guidelines range. It is also entirely possible that, by the time McDonald's appeal is complete, McDonald's trial takes place, and Mr. Sorrell's

---

[1] Defense Counsel sought repeatedly earlier during this week to determine whether counsel for the government had obtained the necessary approval from the office's Substantial Assistance Committee to recommend a §5K1.1 departure. Until today, however, defense counsel was unable to determine which Assistant United States Attorney was actually going to be handling Mr. Sorrell's sentencing (three different Assistants informed defense counsel that they believed someone else, not them, would be handling the sentencing).

sentencing ocurrs, Mr. Sorrell would have already served more time pending trial than his co-defendant Carr, who did *not* cooperate, whom the Court recently sentenced to 42 months.

5.      As the defendant has made the government aware, there are alternatives to an indefinite postponement that would permit the defendant, who wishes to continue to cooperate, to do so.  The government could move for the defendant's deposition to be taken pursuant to Fed. R. Crim. P. 15, for example. (Because the defendant is a Jamaican national, he will deported when his sentence is complete.)   In any event, the defendant is obligated to continue to cooperate even after his sentencing, and remains willing to return to the United States to testify in any trial of Mr. McDonald.

5.      To the extent the Court allows the Government's Motion to Continue, defendant requests that any such Continuance be brief.  Because the defendant is in custody, defense counsel was not able to consult personally with the defendant after learning for the first time today-- Friday, May 5, 2006--that the government intended to move to continue the sentencing. Before consenting to any lengthier continuance, defense counsel believes it is imperative that he consult with defendant personally to determine whether he would personally consent to an effectively indefinite extension.

**WHEREFORE**, Defendant Donovan Sorrell respectfully requests that the Court take the foregoing facts into account before the Court acts the government's Motion to Continue.

Respectfully submitted,

**DONOVAN SORRELL**

By his attorneys,

/s/ Martin F. Murphy
Martin F. Murphy, BBO #363250
**FOLEY HOAG LLP**
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1213 (phone)
(617) 832-7000 (facsimile)
mmurphy@foleyhoag.com

Sarah G. Kim, BBO #657852
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000 (phone)
(617) 951-8736 (facsimile)
sarah.kim@bingham.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on this 5th day of May 2006, I served a true and correct copy of the foregoing Defendant Donovan Sorrell's Response to the Government's Motion to Continue electronically to counsel of record and to

Ms. Jennifer D. Sinclair
Senior U.S. Probation Officer
U.S. District Court
Probation Office
1 Courthouse Way
Suite 1200
Boston, MA 02210

/s/ Martin F. Murphy