UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,       Plaintiff,<br><br>v.<br><br>DONOVAN SORRELL,       Defendant. | )<br>)<br>)<br>)   CRIMINAL ACTION<br>)   NO.  05-10016 RCL<br>)<br>)<br>) |

## DEFENDANT DONOVAN SORRELL'S
## SUPPLEMENTAL SENTENCING FILING

Defendant's sentencing, originally scheduled to take place on May 9, 2006, has been continued until May 22, 2006. As of the date and time of this filing (Friday, May 19, 2006 at approximately 2:00 p.m.), the government has not informed the Court or the defendant whether it plans to file a Motion for Downward Departure based on the Defendant's Substantial Assistance. For the reasons set forth in Defendant's Sentencing Memorandum, filed May 3, 2005, such a motion is clearly warranted. Mr. Sorrell makes this supplemental filing to bring to the Court's attention a recent Second Circuit case, *United States v. Fernandez*, 443 F.3d 19 (2d Cir. 2006), which makes clear that, even without a government Motion pursuant to USSG. §5K1.1, the Court may take the defendant's cooperation into account in fashioning an appropriate sentence under 18 U.S.C. § 3553(a)(1).

In *Fernandez*, the government did not file a motion for a departure based on substantial assistance under § 5K1.1. 443 F.3d at 33. The defendant argued that, nevertheless, the District Court could take the defendant's cooperation into account in imposing a sentence. *Id.* The Court of Appeals agreed:

> We agree that in formulating a reasonable sentence a sentencing judge must consider 'the history and characteristics of the defendant' within the meaning of 18 U.S.C. § 3553(a)(1), as well as the other factors enumerated in § 3553(a), and should take under advisement any related arguments, including the contention that a defendant made efforts to cooperate, even if those efforts did not yield a Government motion for a downward departure pursuant to U.S.S.G. § 5K1.1 ('non-5K cooperation'). Section 3553(a)(1), in particular, is worded broadly, and it contains no express limitations as to what 'history and characteristics of the defendant' are relevant. This sweeping provision presumably includes the history of defendant's cooperation and characteristics evidenced by cooperation, such as remorse or rehabilitation.

The Second Circuit's case law on the significance that a District Court should attach to the advisory guidelines following *United States v. Booker*, 543 U.S. 220 (2005), mirrors the approach taken by the First Circuit. *United States v. Fernandez*, 443 F.3d at 27, *citing United States v. Jimenez-Beltre*, 440 F.3d 514, 517 (1st Cir. 2006)(en banc). Therefore, this Court should follow *Fernandez* and conclude that it may take the defendant's cooperation into account in imposing sentence, even if the government fails to file a motion under § 5K1.1.

As noted in the Defendant's Sentencing Memorandum, the defendant began cooperation immediately after his arrest. His cooperation led directly to the arrest of his two co-defendants, whose identities would never have been known to law enforcement without defendant's cooperation. He stood ready to testify at the trial of co-defendant Carr, who pleaded guilty on the eve of trial, and continues to stand ready to provide testimony at any trial of Mr. McDonald. (Defense counsel has not yet been informed whether the government intends to pursue Mr. McDonald's appeal.)

For these reasons, as well as those set forth in defendant's Sentencing Memorandum, defendant respectfully requests that the Court take his cooperation into account, and impose a time-served sentence: one approximating a 20-month sentence.

- 3 -

        Respectfully submitted,
**DONOVAN SORRELL**

By his attorneys,

/s/ Martin F. Murphy
Martin F. Murphy, BBO #363250
**FOLEY HOAG LLP**
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1213 (phone)
(617) 832-7000 (facsimile)
mmurphy@foleyhoag.com

Sarah G. Kim, BBO #657852
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000 (phone)
(617) 951-8736 (facsimile)
sarah.kim@bingham.com

## CERTIFICATE OF SERVICE

      I, the undersigned, certify that on this 19th day of May 2006, I served a true and correct copy of the foregoing Defendant Donovan Sorrell's Response to the Government's Motion to Continue electronically to counsel of record, to Assistant United States Attorney Donald Cabell, and to:

Ms. Jennifer D. Sinclair
Senior U.S. Probation Officer
U.S. District Court
Probation Office
1 Courthouse Way
Suite 1200
Boston, MA 02210


        /s/ Martin F. Murphy